GROSS, J.
We reverse one aspect of the supplemental final judgment of dissolution. The wife sought to put on evidence of the husband’s dissipation or waste of marital assets that occurred more than two years prior to the filing of the petition for dissolution. It appears that the trial judge read section 61.075(l)(i), Florida Statutes (2006) as precluding such testimony. We agree with the analysis in Beers v. Beers, *391 724 So.2d 109, 114-116 (Fla. 5th DCA 1998), which held that “the two-year time period set forth in subsection 61.075(1)(i) does not bar a trial court from considering, as an ‘other factor,’ dissipation of marital assets which occurs prior to the two-year period preceding the filing of the petition for dissolution.” See § 61.075(1)(j), Fla. Stat. (2006) (stating that in distributing-marital assets and liabilities, the court may consider any “factor[ ] necessary to do equity and justice between the parties”).
We remand to the trial court for the wife to have an opportunity to present evidence of “remote dissipation.” Beers, 724 So.2d at 115. Whether such evidence should be taken into account in fashioning equitable distribution “is a determination best left to the sound discretion of the trial judge.” Id.
We affirm the trial judge’s rulings on the special equity and permanent alimony.
Affirmed in part, reversed in part, and remanded.
STONE and POLEN, JJ., concur.